# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY M. AYLWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-1005-EFM-GEB |
| | ) |
| CITY OF WICHITA, KANSAS, | ) |
| SEDGWICK COUNTY, KANSAS, | ) |
| BETH NORDICK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff Wendy M. Aylworth's Motion for Appointment of Counsel Pursuant to 28 USC § 1915(e)(1) ("Motion") (**ECF No. 4**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] The provision doesn't provide a statutory right to counsel.[2] And there is no constitutional right to counsel in a civil action.[3] The Court, in its discretion, evaluates several factors when deciding whether to request an

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *Jackson*, 2014 WL 494789, at *1.
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

attorney for an indigent party.[4] In *Castner v. Colo. Springs Cablevision*,[5] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the merits of plaintiff's case; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[6] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept a pro bono appointment is also very important.[7] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[8]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis. Although the Court recommends Plaintiff's Motion to Proceed Without Prepayment of Fees be denied,[9] it finds she is unable to afford counsel, as established in her Affidavit of Financial Status.[10] Plaintiff also satisfies the second factor. She has contacted six attorneys or law firms and provides information for each why they are unwilling or unable to undertake her representation.

---

[4] *Jackson*, 2014 WL 494789, at *1.
[5] *Castner*, 979 F.2d at 1422.
[6] *Castner*, 979 F.2d at 1421.
[7] *Jackson,* 2014 WL 494789, at *3.
[8] *Id.,* at *2.
[9] Report and Recommendation, ECF No. 5.
[10] ECF No. 3-1.

However, Plaintiff fails to satisfy the third and fourth factors at this time. The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court has reviewed the allegations of Plaintiff's Complaint and has recommended her claims be dismissed. Therefore, Plaintiff fails the third factor. The fourth factor is regarding Plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. There is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent herself. Although not abundantly clear, Plaintiff's filings reflect some understanding of court rules and procedures, and the relevant law.

The Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and her ability to present this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13]

---

[11] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[12] *Id*.
[13] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

For the reasons outlined above, **IT IS ORDERED** Plaintiff Wendy M. Aylworth's Motion for Appointment of Counsel Pursuant to 23 USC § 1915(e)(1)  (**ECF No. 4**) is **DENIED without prejudice as to refiling** if the case continues to go forward.

**IT IS SO ORDERED.**

Dated this 19th day of May 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
